BINGHAM MCCUTCHEN LLP
Susan Kim
One State Street
Hartford, CT 06103
Telephone: 860.240.2700
Facsimile: 860.240.2800
susan.kim@bingham.com

Jessica S. Boar
399 Park Avenue
New York, NY 10022
Telephone: 212.705.7258
Facsimile: 212.705.3673

*Attorneys for Defendants Discovery Capital Management, LLC and DGF Services, LLC*

JUDGE BUCHWALD

08 CIV 6352

RECEIVED JUL 15 2008 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREW LUM,

                Plaintiff,

    -v-

DISCOVERY CAPITAL MANAGEMENT, LLC, and
DGF SERVICES, LLC,

                Defendants.

08 Civ. _____

**NOTICE OF REMOVAL**

---

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446 and Local Rule 81.1, Defendants, Discovery Capital Management, LLC ("DCM") and DGF Services, LLC ("DGFS") (DCM and DGFS are hereinafter collectively, "Discovery"), hereby remove the above-entitled action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

In support of this Notice of Removal, Discovery respectfully states:

A/72595075.1

1. Upon information and belief, Plaintiff, Andrew Lum ("Lum"), is a citizen of the city and state of New York.

2. Defendant, DCM, is a limited liability company organized under the laws of the State of Connecticut, with its principal place of business in Norwalk, Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), DCM is a citizen of Connecticut.

3. Defendant, DGFS, is a limited liability company organized under the laws of the State of Connecticut with its principal place of business in Norwalk, Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), DGFS is a citizen of Connecticut.

4. On or about May 19, 2008, Lum commenced this action in the Supreme Court of the State of New York, County of New York (Index No. 106887/2008) by filing a Summons and Verified Complaint with the Clerk of the Supreme Court, County of New York. Lum seeks to recover monetary damages in the amount of $3,340,000.00, together with penalties, costs and disbursements.

5. Lum served the Summons and Verified Complaint on Discovery on or about June 16, 2008.[1] A true copy of the Summons and Complaint is annexed hereto as <u>Exhibit A</u>.

6. No other papers have been filed to date with the Supreme Court of the State of New York in this matter and all records and proceedings in the state court have now been filed with this Court pursuant to Local Civil Rule 81.1.

7. This Notice of Removal is filed within thirty (30) days after service of the Summons and Verified Complaint, and thus is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).

---

[1] By failing to serve a principal or proper agent for service of process, Lum failed to effect proper service on DCM or DGFS.

A/72595075.1

8. Discovery respectfully removes this action to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446(a) and (b) on the grounds that diversity of citizenship exists between Lum and Discovery, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Discovery will provide written notice of the removal to Lum and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York.

**WHEREFORE**, Discovery gives notice that the action referred to above is removed from the Supreme Court of the State of New York, County of New York, to this Court.

Dated:   New York, New York
         July 15, 2008

                                    BINGHAM McCUTCHEN LLP

                                    By: /s/ Jessica S. Boar
                                      Susan Kim
                                      One State Street
                                      Hartford, CT  06103
                                      Telephone:  860.240.2700
                                      Facsimile:  860.240.2800
                                      susan.kim@bingham.com

                                      and

                                      Jessica S. Boar
                                      399 Park Avenue
                                      New York, NY  10022
                                      Telephone: 212.705.7258
                                      Facsimile:  212.705.3673
                                      jessica.boar@bingham.com

                                      *Attorneys for Defendants Discovery Capital*
                                      *Management, LLC and DGF Services, LLC*

A/72595075.1

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

ANDREW LUM,                                    Index No.:

        Plaintiff,

  -against-                                   SUMMONS

DISCOVERY CAPITAL MANAGEMENT, LLC AND         08106887
DGF SERVICES, LLC ,                            Date of Purchase of
                                               Index Number:
        Defendants.

FILED MAY 19 2008
COUNTY CLERK'S OFFICE
NEW YORK

-----------------------------------------------------------------X

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer within twenty [20] days after the service (or within thirty [30] days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgement will be taken against you by default for the relief demanded in the complaint.

    The Plaintiff designates **New York County** as the place of trial which is the county in which **the plaintiff resides**.

Dated: New York, New York
       May 16, 2008

                                    KAISER SAURBORN & MAIR, P.C.
                                    Attorneys for Plaintiff

                           By:_____
                             Daniel J. Kaiser, Esq.
                             111 Broadway, 18th Floor
                             New York, New York 10006
                             (212) 338-9100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
ANDREW LUM,

        Plaintiff,

   -against-

DISCOVERY CAPITAL MANAGEMENT, LLC AND
DGF SERVICES, LLC

        Defendants.
-----------------------------------------------------------------X

Index No.:

COMPLAINT

Plaintiff, Andrew Lum, by his attorneys Kaiser Saurborn & Mair, P.C., as and for his complaint against defendants, alleges as follows:

### PARTIES, JURISDICTION, AND NATURE OF ACTION

1. Plaintiff, Andrew Lum ("plaintiff" or "Lum"), is a citizen of the City and State of New York.

2. Upon information and belief, defendants, Discovery Capital Management, LLC and DGF Services, LLC ("DGF"), are hedge funds that transact business in the City of New York.

3. Venue is properly laid in this court in that plaintiff resides in New York County.

4. In or about mid-January 2007, Mr. Lum and DGF entered into an agreement whereby DGF agreed to pay Mr. Lum, in addition to his annual base pay, two percent of DGF's top line in return for Mr. Lum's professional services for year 2007. DGF breached the agreement by failing to fully pay Mr. Lum his agreed to compensation.

## BACKGROUND

### I.

### LUM'S EMPLOYMENT

5. DGF hired Mr. Lum as a consultant in June 2006.

6. Prior to his return to DGF in 2006, Mr. Lum was a junior partner of DGF from 2000 until sometime in 2002.

7. At the time of his hire into the position of trader, for the year 2006, he was promised a discretionary bonus.

8. At the beginning of 2007, he was paid a 2006 bonus of $700,000.00.

### II.

### THE AGREEMENT

9. For the year 2007, Mr. Lum's compensation terms were changed.

10. In or about mid-January 2007, Robert Citrone, DGF's principal owner, met with Mr. Lum and agreed to pay him a 2007 bonus in the amount of two percent of the top line.

11. The amount of his bonus for 2007 was *not* discretionary.

12. A firm agreement was made between DGF and Mr. Lum to pay to him a defined bonus.

13. Although DGF enjoyed an extraordinarily profitable 2007, in February 2008, Mr. Citrone advised Mr. Lum that he had not performed all that well the prior year and as a consequence DGF was paying to him a bonus of $1,200,000.00 which constituted approximately one half a percentage point of the top line.

14. The agreement that existed between DGF and Mr. Lum did not entitle DGF to evaluate his performance and adjust his bonus to an amount Mr. Citrone believed he had

"earned."

15. Mr. Lum's 2007 compensation entitlement was wholly unconnected to DGF's judgments about his work effort and results.

16. By failing to pay Mr. Lum a full two percent of the top line for 2007, DGF breached its agreement with Mr. Lum.

## CAUSE OF ACTION I

17. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "16" as if incorporated and realleged herein.

18. Defendants breached their agreement with Mr. Lum.

19. By reason thereof, plaintiff has suffered lost compensation in excess of $3,340,000.00.

## CAUSE OF ACTION II

20. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "16" and "18" as if incorporated and realleged herein.

21. By reason thereof, defendants have violated New York Labor Law §§ 191(c), 198, and plaintiff has suffered lost compensation in excess of $3,340,000.00.

WHEREFORE, plaintiff demands judgment against defendants as follows:

(i) On the First Cause of Action assessing compensatory damages in an amount to be determined at trial;

(ii) On the Second Cause of Action assessing compensatory damages in an amount to be determined at trial and a twenty percent penalty in accordance with New York Labor Law §§ 191(c), 198;

(iii)   Attorney fees and disbursements; and

(iv)   For such other relief as the Court deems just and proper.

Dated: New York, New York
       May 16, 2008

                                KAISER SAURBORN & MAIR, P.C.

By: _____
           Daniel J. Kaiser, Esq.

Attorney for Plaintiff
111 Broadway, Suite 1805
New York, New York 10006
(212) 338-9100

-4-

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK          NEW YORK COUNTY                              SUPREME COURT
DOCUMENTS SERVED WITH INDEX # 106887/08    AND FILED ON MAY 19, 2008
ATTORNEY(S): Kaiser Saurborn & Mair, P.C., Paul Michele Filipanics

Petitioner(s)/Plaintiff(s)

*Andrew Lum*
vs
*Discovery Capital Management, LLC and DGF Services, LLC*

Defendant(s)/Respondent(s)

STATE OF CONNECTICUT     COUNTY OF Fairfield , SS.:

_Eric Rubin_ being duly sworn deposes and says:

Deponent is not a party herein and is over 18 years of age. On 6/16/08 at 2:59 P.M.,
at 20 Marshall Street, Suite 310, Norwalk, CT deponent served the within
Summons and Complaint
on: DGF Services, LLC , Defendant therein named.

**INDIVIDUAL A ☐** By personally delivering to and leaving with said _____ a true copy thereof, and that deponent knew the person so served to be the person mentioned and described in said

**CORPORATION B ☒** By delivering to and leaving with Mark Cody at above address and that deponent knew the person so served to be the Executive Assistant of the corporation.

Service was made in the following manner after your deponent was unable, with due diligence, to serve the defendant in person:

**SUITABLE AGE PERSON C ☐** By delivering a true copy thereof to and leaving with _____ a person of suitable age and discretion at _____ the said premises being the defendants/respondents
[ ] dwelling place (usual place of abode)   [ ] actual place of business within the State of

**AFFIXING TO DOOR D ☐** By affixing a true copy thereof to the door of said premises, the same being the defendant's [ ] dwelling house (usual place of abode) [ ] actual place of business within the State of

**MAILING TO RESIDENCE (use with C or D) E1 ☐** Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to defendant at defendant's residence at _____ and deposited said envelope in an official depository under the exclusive care and custody of the United States Post Office within the State of _____ on _____

**MAILING TO BUSINESS (use with C or D) E2 ☐** Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to defendant at defendant's actual place of business at _____ in an official depository under the exclusive care and custody of the United States Post Office within the State of _____. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant and mailed on _____

**PREVIOUS ATTEMPTS (use with D) F ☐** Deponent had previously attempted to serve the above named defendant/ respondent
Day _____ Date _____ Time _____
Day _____ Date _____ Time _____
Day (Saturday) _____ Date _____ Time _____
Deponent spoke with _____ who stated to deponent that the said defendant(s) lived at the aforementioned address, but did not know defendant's place of employment.

**G ☒** DEPONENT STATES THAT THE INDEX # AND FILING DATE WERE CLEARLY VISIBLE ON THE SUMMONS.

**VOID WITHOUT DESCRIPTION (Use with A, B, C & D)** A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Approximate age 51-65  Approximate weight Over 200  Approximate height Over 6'0" Sex Male
Color of skin White  Color of hair Gray  Other _____

**MILITARY SERVICE ☐** Deponent asked the person spoken to whether the defendant/respondent was presently in the military service of the United States Government and was informed he/she was not. Your deponent further says that deponent knew the person so served to be the person mentioned and described in said legal papers as defendant/respondent therein.

**NON-SERVICE H ☐** After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served due to the following: [ ] Not known at address   [ ] Address does not exist   [ ] Evading   [ ] Moved left no forwarding   [ ] Other

**WIT. FEES ☐** $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

Sworn to before me on this 17th day of June, 2008
Ksenia V. Rubin
NOTARY PUBLIC
State of Connecticut
My Commission Expires 12/31/12

Please Print Name Below Signature
Eric Rubin
Invoice·Work Order # 0619346

ATTORNEYS PROCESS & RESEARCH SERVICE INC. PO BOX 10277 ALBANY. NY 12201 - 518-465-8951

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK     NEW YORK COUNTY     SUPREME COURT
DOCUMENTS SERVED WITH INDEX # 106887/08    AND FILED ON MAY 19, 2008
ATTORNEY(S): Kaiser Saurborn & Mair, P.C., Paul Michele Filipanics

Andrew Lum     Petitioner(s)/Plaintiff(s)
vs
Discovery Capital Management, LLC and DGF Services, LLC     Defendant(s)/Respondent(s)

STATE OF __CONNECTICUT__     COUNTY OF __Fairfield__, SS.:

__Eric Rubin__ being duly sworn deposes and says:

Deponent is not a party herein and is over 18 years of age. On __6/16/08__ at __2:59__ P.M., at __20 Marshall Street, Suite 310, NOrwalk, CT__ deponent served the within Summons and Complaint

on: __Discovery Capital Management, LLC__, __Defendant__ therein named.

**INDIVIDUAL A [ ]** By personally delivering to and leaving with said _____ a true copy thereof, and that deponent knew the person so served to be the person mentioned and described in said

**CORPORATION B [X]** By delivering to and leaving with __Mark Cody__ at __Above Address__ and that deponent knew the person so served to be the __Executive Assistant__ of the corporation. Service was made in the following manner after your deponent was unable, with due diligence, to serve the defendant in person:

**SUITABLE AGE PERSON C [ ]** By delivering a true copy thereof to and leaving with _____ a person of suitable age and discretion at _____ the said premises being the defendants/respondents [ ] dwelling place (usual place of abode) [ ] actual place of business within the State of _____

**AFFIXING TO DOOR D [ ]** By affixing a true copy thereof to the door of said premises, the same being the defendant's [ ] dwelling house (usual place of abode) [ ] actual place of business within the State of _____

**MAILING TO RESIDENCE (use with C or D) E1 [ ]** Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to defendant at defendant's residence at _____ and deposited said envelope in an official depository under the exclusive care and custody of the United States Post Office within the State of _____ on _____

**MAILING TO BUSINESS (use with C or D) E2 [ ]** Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to defendant at defendant's actual place of business at _____ in an official depository under the exclusive care and custody of the United States Post Office within the State of _____. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant and mailed on _____

**PREVIOUS ATTEMPTS (use with D) F [ ]**
Day _____ Date _____ Time _____
Day _____ Date _____ Time _____
Day (Saturday) _____ Date _____ Time _____
Deponent spoke with _____ who stated to deponent that the said defendant(s) lived at the aforementioned address, but did not know defendant's place of employment.

**G [X]** DEPONENT STATES THAT THE INDEX # AND FILING DATE WERE CLEARLY VISIBLE ON THE SUMMONS.

**VOID WITHOUT DESCRIPTION (Use with A, B, C & D)** A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Approximate age __51-65__ Approximate weight __Over 200__ Approximate height __Over 6'0"__ Sex __Male__
Color of skin __White__ Color of hair __Gray__ Other _____

**MILITARY SERVICE [ ]** Deponent asked the person spoken to whether the defendant/respondent was presently in the military service of the United States Government and was informed he/she was not. Your deponent further says that deponent knew the person so served to be the person mentioned and described in said legal papers as defendant/respondent therein.

**NON-SERVICE H [ ]** After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served due to the following: [ ] Not known at address [ ] Address does not exist [ ] Evading [ ] Moved left no forwarding [ ] Other

**WIT. FEES [ ]** $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

Sworn to before me on this __17th__ day of __June, 2008__

Ksenia V. Rubin
NOTARY PUBLIC
State of Connecticut
My Commission Expires 12/31/12

Please Print Name Below Signature
Eric Rubin
Invoice·Work Order # 0619345

ATTORNEYS PROCESS & RESEARCH SERVICE INC. PO BOX 10277 ALBANY, NY 12201 - 518-465-8951