Daniel J. Kaiser [DK-9387]
KAISER SAURBORN & MAIR, P.C.
111 Broadway, 18th Floor
New York, New York 10006
(212) 338-9100
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANDREW LUM,                                                          08 Civ. 6352 (NRB)

                Plaintiff,

      -against-                                              **ANSWER TO**
                                                     **COUNTERCLAIMS**
DISCOVERY CAPITAL MANAGEMENT, LLC
and DGF SERVICES, LLC,

                Defendants.
-----------------------------------------------------------------X

       Plaintiff, Andrew Lum, by his attorneys, Kaiser Saurborn & Mair, P.C., as and for his answer to defendants' counterclaims, states as follows:

1.     Admits the allegations in counterclaim paragraph 1.

2.     Admits the allegations in counterclaim paragraph 2.

3.     Admits the allegations in counterclaim paragraph 3.

4.     As to the allegations in the first counterclaim paragraph 4, admits that this Court has jurisdiction and that venue is proper.

5.     Admits the allegations in the second counterclaim paragraph 4.

6.     Admits the allegations in counterclaim paragraph 5.

7.     Admits the allegations in counterclaim paragraph 6.

8.     Admits the allegations in counterclaim paragraph 7, except denies that Citrone referred any investors to him.

9. Admits the allegations in counterclaim paragraph 8, except denies he sought to be rehired by DCM as a trader.

10. Denies the allegations in counterclaim paragraph 9, except admits that he was paid a $75,000 bonus and a monthly salary of $12,500, and was eligible for a discretionary bonus.

11. Denies the allegations in counterclaim paragraph 10.

12. Denies the allegations in counterclaim paragraph 11 to the extent that he both executed Citrone's trades and formulated his own trading strategies.

13. Denies the allegations in counterclaim paragraph 12.

14. Denies the allegations in counterclaim paragraph 13, except admits he was partially paid the $1,200,000 bonus he was owed.

15. Denies the allegations in counterclaim paragraph 14.

16. Denies the allegations in counterclaim paragraph 15.

17. Denies the allegations in counterclaim paragraph 16.

18. Denies the allegations in counterclaim paragraph 17.

19. As to the allegations in counterclaim paragraph 18, repeats his responses as if set forth at length herein.

20. Denies the allegations in counterclaim paragraph 19.

21. Denies the allegations in counterclaim paragraph 20.

22. Denies the allegations in counterclaim paragraph 21.

23. As to the allegations in counterclaim paragraph 22, repeats his responses as if set forth at length herein.

24. Denies the allegations in counterclaim paragraph 23.

25. Denies the allegations in counterclaim paragraph 24.

26. Plaintiff admits the allegations of paragraph 25 to the extent that defendants trusted him and gave him responsibility to carry out his job duties.

27. Denies the allegations in counterclaim paragraph 26.

28. Denies the allegations in counterclaim paragraph 27.

29. As to the allegations in counterclaim paragraph 28, repeats his responses as if set forth at length herein.

30. Denies the allegations in counterclaim paragraph 29.

31. Denies the allegations in counterclaim paragraph 30.

32. Denies the allegations in counterclaim paragraph 31.

33. As to the allegations in counterclaim paragraph 32, repeats his responses as if set forth at length herein.

34. Denies the allegations in counterclaim paragraph 33, except admits that his salary and bonus agreement included an implied covenant of good faith and fair dealing.

35. Denies the allegations in counterclaim paragraph 34.

36. Denies the allegations in counterclaim paragraph 35.

37. As to the allegations in counterclaim paragraph 36, repeats his responses as if set forth at length herein.

38. Neither admits nor denies the legal conclusions contained in counterclaim paragraph 37, except admits that for 2007 he was entitled to a non-discretionary bonus of two percent of the top line.

39. Admits the allegations in counterclaim paragraph 38 to the extent he worked for a Connecticut based employer and neither admits nor denies the remaining legal conclusions in the paragraph.

40. Denies the allegations of counterclaim paragraph 39, except admits he was paid a portion of his bonus in the amount of $1,200,000.

41. Denies the allegations of counterclaim paragraph 40.

42. Neither admits nor denies the legal conclusions contained in counterclaim paragraph 41.

43. Denies the allegations in counterclaim paragraph 42.

44. As to the allegations in counterclaim paragraph 43, repeats his responses as if set forth at length herein.

45. Denies the allegations in counterclaim paragraph 44, except admits that he was an at-will employee.

46. Denies the allegations in counterclaim paragraph 45.

47. Denies the allegations in counterclaim paragraph 46 to the extent that it seeks to characterize the plaintiff's acceptance of the partial bonus as "without qualification."

48. Denies the allegations in counterclaim paragraph 47.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Defendants' counterclaims fail to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred, in whole or in part, by reason of failure to mitigate

damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred, in whole or in part, by the applicable statutes of limitation.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred, in whole or in part, by the doctrine of waiver.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred, in whole or in part, by the doctrine of estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendants' counterclaims fail to plead their claims with the requisite specificity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Any damage or loss alleged to have been suffered by the defendants is not causally related to any act or omission alleged to be chargeable to plaintiff.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Any damage or loss alleged to have been suffered by the defendants was the sole result of their own negligence or intentional conduct.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The defendants have asserted these counterclaims in an effort to retaliate and punish the plaintiff for bringing this action against it.

Plaintiff hereby reserves the right to amend his Answer to Counterclaims to assert additional affirmative defenses as revealed or suggested by the completion of on-going investigation and discovery.

**WHEREFORE,** Plaintiff demands judgment dismissing the counterclaims, together with his costs and disbursements, including reasonable attorney's fees, and such other and further relief as may be just and proper.

Dated: New York, New York
October 3, 2008

By: **KAISER SAURBORN & MAIR, P.C.**
Attorneys for the plaintiff

_____
Daniel J. Kaiser, Esq. [DK-9387]

111 Broadway, 18th floor
New York, New York 10006
(212) 338-9100